UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
STRIGE 3 HOLDINGS, LLC,

                                Plaintiff,

        -against-

JOHN DOE subscriber assigned IP address
68.174.81.34,

                              Defendant.
------------------------------------------------------------------x

**ORDER**

23-cv-03780-AMD-JRC

JAMES R. CHO, United States Magistrate Judge:

        By Order dated July 14, 2023, this Court permitted Plaintiff Strike 3 Holdings, LLC ("Plaintiff") to serve a subpoena on internet service provider Spectrum ("Spectrum"), pursuant to Rule 45 of the Federal Rules of Civil Procedure, in order to learn the true identity of defendant John Doe subscriber assigned IP address 68.174.81.34 ("Doe Defendant"), a Spectrum subscriber who has purportedly infringed Plaintiff's copyright. *See* Order dated July 14, 2023, Dkt. 8. On August 29, 2023, the Court received an anonymous letter, signed by the Doe Defendant, simply stating, "Please regard this correspondence my formal opposition to disclose any and all information about my Spectrum Internet account to the Plaintiff and any other parties, in the above referenced case. I deny permission to enter onto the designated premises for any purpose." *See* Notice of Opposition to Subpoena ("Letter"), Dkt. 10. The Letter provided no further details concerning the subpoena request, nor does it make any legal arguments as to why the Court's Order dated July 14, 2023, should not be enforced. *See id*.

        "The Court construes [the Doe D]efendant's [L]etter as a motion to quash and denies it." *See ME2 Prods., v. Doe*, No. 17-CV-1456, 2017 U.S. Dist. LEXIS 85857, at *1-*2 (E.D.N.Y. June 2, 2017). The movant bears the burden of persuasion on a motion to quash a subpoena. *See Strike 3 Holdings, LLC v. Doe*, No. 23-CV-578, 2023 WL 4350930, at *1 (S.D.N.Y. July 5,

2023); *Strike 3 Holdings, LLC v. Doe*, No. 22-CV-10694, 2023 WL 2775964, at *1 (S.D.N.Y. Apr. 4, 2023).

First, the Letter fails to state the basis, as is required by Fed. R. Civ. P. 45(d)(3), for the Doe Defendant's objection to his personal information being released. *See ME2 Prods.*, 2017 U.S. Dist. LEXIS 85857, at *1-*2 (citation omitted). Second, "the subpoena at issue seeks very limited disclosures, only [the Doe D]efendant's true name and address," and it places "no burden on the objector since it is directed to a third party," in this case, Spectrum. *Id.*; *see Strike 3*, 2023 WL 2775964, at *2; *see also* Order dated July 14, 2023 at 2-3, Dkt. 8.

For these reasons, the Doe Defendant's motion to quash is denied.

Plaintiff shall notify Spectrum -- the Doe Defendant's Internet Service Provider -- to inform the Doe Defendant subscriber of this Order.

Dated: Brooklyn, New York
September 13, 2023

s/ James R. Cho
JAMES R. CHO
United States Magistrate Judge
